*Charles M. Walker*
U.S. Bankruptcy Judge
Dated: 1/11/2018



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No: 10-00628-CW-13 |
| KESHIA TUCKER, ) | Chapter 13 |
| ) | Honorable Charles M. Walker |
| Debtor. ) | |
| _____ ) | |

**MEMORANDUM REGARDING
TRUSTEE'S MOTION TO DISBURSE**

This matter was before the Court on the Trustee's motion to disburse a refund (Dkt. #161) received from Ditech Financial, LLC ("Ditech") to Debtor's allowed unsecured claimholders. The Debtor opposed the motion and the matter came for hearing before the Court on January 10, 2018. The parties presented evidence, including the testimony of the Debtor, and offered argument. For the following reasons, the Trustee's motion will be **DENIED**.

The Debtor filed her petition for relief under Chapter 13 of the Bankruptcy Code on January 23, 2010. The Debtor's plan was confirmed on May 26, 2010, and on July 29, 2015, the Court entered orders, at the Trustee's request, declaring the debts of the long term secured creditors[1] current, and all defaults cured. The Debtor received her discharge on August 6, 2015. After issuing his final report and request for final decree, the Trustee was discharged and the successful Chapter 13 case was closed — but did not remain so for very long.

---

[1] Greentree Servicing, Inc., Real Time Resolutions, Inc., and Caleb Chase Homeowners Assoc.

1

The day after closing, the Debtor filed a motion to reopen the case for the sole purpose of filing a complaint against Ditech (formerly known as Greentree Servicing, Inc.). Several months after the adversary was filed, the Trustee's office received a check from Ditech in the amount of $7,770.06. The check was made out to the Debtor in care of the Trustee. The Trustee moved to disburse those funds to the general unsecured creditors in the case. The Debtor opposed the Trustee's request seeking remittance of those funds to the Debtor.

The Trustee argued that the check from Ditech was for an overpayment that occurred through plan administration; therefore, the confirmed plan controls the disbursement of these funds, and the plan requires the Trustee to redistribute the funds as payments to the holders of allowed unsecured claims. As evidence of the overpayment, the Trustee points to the check itself, which contains a description that identifies the funds as "Misc Escrow Tax Pmts" (Exhibit A). The Trustee maintained that this, coupled with the fact that the check was sent to his office, indicates that there was an overpayment during the administration of the plan.

The Debtor argued that the check, made out to her and sent "in care of" the Trustee, was a refund related to the eight payments she made directly to Ditech after her case was closed. Therefore, the funds should be remitted to her.

Alternatively, the Trustee argued that if the overpayment occurred post-closing, the Debtor was only entitled to that portion of her payments that constituted escrow deposits. In support, the Trustee cites *In re Bacon*, 274 B.R. 682, 684-85 (Bankr. D. Md. 2002), for the premise that "[a] debtor has no right to plan payments after confirmation of a plan, *except* where excess funds remain after all distributions authorized by the plan have been made in full. (citations omitted) (emphasis added). However, it is in the exception that the rule for this case lies.

Glaringly absent from the evidence presented is anything from Ditech itself that identified the refund as an escrow overpayment from plan funds. It is a refund

2

Case 3:10-bk-00628    Doc 168    Filed 01/11/18    Entered 01/11/18 14:49:13    Desc Main
Document      Page 2 of 3

from the escrow account for sure, but a refund that came only after the Debtor made eight payments into that escrow account following the closure of her Chapter 13 case and the discharge of the Trustee.

The Debtor, completed her plan, received her discharge, and obtained a final decree. That is exactly the exception described in *Bacon*; therefore, the funds received in the Debtor's name and held by the Trustee in the amount of $7,770.06 should be remitted to the Debtor. The Trustee's motion is **DENIED**. A separate order will issue.

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.